57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 James J. O'CONNELL, Plaintiff-Appellee,
v.
CAE-LINK CORPORATION, Defendant-Appellant.
 No. 94-15057.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1995.
Decided June 15, 1995.
 
 1
 Appeal from the United States District Court, for the Northern District of California, D.C. No. CV-92-20222-EAI; Edward A. Infante, Magistrate Judge, Presiding.
 
 
 2
 N.D.Cal.,
 
 
 3
 REVERSED.
 
 
 4
 Before: CUMMINGS,* SCHROEDER, and RYMER, Circuit Judges
 
 
 5
 MEMORANDUM**
 
 
 6
 CAE-Link Corporation appeals the district court's judgment following a jury verdict in favor of James J. O'Connell on O'Connell's breach of employment contract and implied covenant of good faith and fair dealing claims, as well as the court's denial of its renewed motion for judgment as a matter of law and alternative motion for a new trial. We have jurisdiction, 28 U.S.C. Sec. 1291, and we reverse.
 
 
 7
 * O'Connell's case went to the jury on the theory that he and CAE-Link entered into an employment agreement, implied from internal policies and the "We're Link" employee handbook, under which the company agreed "to consider the plaintiff for transfer in lieu of layoff," which it breached by failing to consider O'Connell for transfer to the Dayton, Ohio marketing manager position in connection with the reduction in force which left him without a job in APO's Sunnyvale office. The jury so found on a special verdict form. However, CAE-Link contends that the evidence for implying such an agreement--primarily the statement in Section III.B.2 of Policy and Procedure No. 3.20 that the Employment Department "will review alternatives for those selected and either arrange for transfer or approve the layoff"--is insufficient and that the implied promise to consider O'Connell for transfer is in any event too vague and indefinite to be enforced under California law.
 
 
 8
 "Whether a contract term is sufficiently definite to be enforceable is a question of law for the court." Ladas v. California State Auto. Ass'n, 23 Cal.Rptr.2d 810, 814 n. 2 (Cal.App.1993). Our review is de novo.
 
 
 9
 The Ladas court held that "[a]n amorphous promise to 'consider' what employees at other companies are earning cannot rise to the level of a contractual duty." Id. at 815. CAE-Link's agreement "to consider plaintiff for transfer" is no more definite than CSAA's promise to "consider" pay rates at other companies. In both cases the promisor is obliged to think about something, but not to do anything. Such a promise cannot be enforced.
 
 
 10
 O'Connell cites no authority that a promise to "consider" transfer is sufficiently definite to create a contractual obligation, but he attempts to distinguish Ladas by noting that it involved employee compensation, not wrongful termination. While Ladas did distinguish between a Foley situation[1] and changes in a company's method of paying employees, that distinction had to do with policy reasons which are immaterial to the conclusion that a promise to "consider " something is so amorphous as to provide "no rational method for determining breach or computing damages." Ladas at 815. In any event, the same policy reasons that distinguished Foley and militated against enforcing a promise "to consider" comparable earnings in Ladas militate against enforcing a promise "to consider" transfer in lieu of layoff: reductions in force are dictated by economics and touch whole classes of employees. Absent some statement giving assurance that an employee would not be laid off without being offered transfer, for example, to enforce a promise to "consider" transfer "would open the door to a plethora of specious litigation and constitute a severe and unwarranted intrusion on the ability of business enterprises to manage internal affairs." Id. at 816.
 
 
 11
 There is no substantial evidence of any other standards, practices, promises or experience regarding transfer in lieu of layoff. Indeed, O'Connell himself had repeatedly indicated his wish to remain at APO in Sunnyvale and did not apply for transfer. Accordingly, there is no basis for finding an enforceable contractual obligation "to consider the plaintiff for transfer in lieu of layoff."
 
 II
 
 12
 The jury's verdict on the implied covenant of good faith and fair dealing falls with their verdict on the contract, which creates the implied covenant.
 
 
 13
 As the jury returned a verdict in CAE-Link's favor on O'Connell's claim for age discrimination, the judgment in O'Connell's favor is reversed and judgment should be entered for CAE-Link.
 
 
 14
 REVERSED.
 
 SCHROEDER, Circuit Judge, dissenting:
 
 15
 I respectfully dissent. The California Supreme Court held in Foley v. Interactive Data Corp., 254 Cal.Rptr 211, 225-27 (1988), that employment contracts can be implied in fact from the relationship of the parties, including an employer's guidelines with respect to employment security policies. Here the employer had issued a handbook stating that seniority would be a consideration in selecting those who would be laid off, and that the employment department would review alternatives for those selected for layoff and either arrange for transfer or approve the layoff. The employee offered proof that he had an unblemished record of 26 years' employment, that at the time of his layoff a possible transfer position existed in Dayton, and that he was never even asked whether he would consider a transfer. The jury found that these facts created an implied-in-fact contractual commitment to review plaintiff's qualifications for transfer seriously before laying him off, and that the defendant breached its contractual obligations.
 
 
 16
 The majority's reliance on Ladas v. California State Auto. Ass'n, 23 Cal.Rptr.2d 810 (Cal.Ct.App.1993), is misplaced. Ladas is an intermediate appellate court decision involving a claim of an implied-in-fact contractual term relating to compensation. The case did not involve employment security as did both Foley and this case. The majority's suggestion that the plaintiff had a duty to apply for a transfer is contrary to the evidence in the record that he was never advised that he had any option in that regard. I would hold that the judge properly sent the case to the jury under California law, and that substantial evidence supported the jury's verdict.
 
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Foley v. Interactive Data Corp., 254 Cal.Rptr. 211 (Cal.1988) (oral statements and policy manuals assuring that an employee will not be terminated without just cause may justify the imposition of an implied-in-fact term to that effect in the employment agreement)